## SHTAR HETER ISKA

Jewish religious law strictly prohibits the paying or receiving of interest on loans made between a provider of funds such as **Levon NJ CXX LLC** and a receiver of funds like yourself. However, when monies are advanced in the course of a business transaction, an agreement may be entered into whereby the provider appoints the receiver to invest the funds in such a method that half of the funds will be invested on the provider's behalf and half of the funds will be a loan. It is stipulated that losses on the provider's investment claimed by the receiver must be proven by two valid witnesses, while the amount of profits may be proven through severe oath of the receiver. However, in order to avoid these very strict requirements, the provider of the funds under this agreement, agrees, at the recipient's option, to waive his share of his profits, and instead, to receive a specified percentage of the money advanced. This percentage is therefore considered profit rather than interest on a loan.

## THE AGREEMENT

I/We the undersigned (herein referred to as I) do hereby state that I have agreed to accept from **Levon NJ CXX LLC** (herein referred to as Provider) the sum of **$8,500,000.00**, pursuant to this Iska Agreement. Upon receipt of said funds, I shall transfer to the Provider, in an effective and binding manner, a share (with the value of the "Adjusted Sum", as defined below) in all of my real estate, businesses, and other Halachically permissible investments. The amount recorded in the note, less all interest, escrow payments, and any other points or fees that are collected at the time of the closing shall be referred to as the "Adjusted Sum". All profits (including the value of the use of any real estate) and losses from said investment shall be equally shared between the Provider and myself. All participation of Provider in my investments shall be only in those investments that are permitted under Jewish law. All profits and losses on the Provider's portion of the investment shall be borne by Provider and I shall have only those obligations of a paid Jewish guardian. Furthermore, should I happen upon better investments for all or a portion of the Adjusted Sum, then I will invest the Provider's money in them as previously stated. My claim as to profits may only be deemed reliable by severe oath. My claim as to losses may only be deemed reliable through testimony of two valid witnesses. However, the Provider and I have agreed that I have the option to pay an agreed upon return of the provider's investment as recorded in the 'mortgage documents', and also pay to the provider all aforementioned monies that were deducted from the original "loan" amount as recorded in the 'note', (or a lesser amount if an Orthodox Jewish Court of Law deems it appropriate), and I shall return the principal owed, in lieu of the actual profits. If I choose this option, then I shall be entitled to retain all additional profit, and I will not have to provide any subsequent substantiation to any claim of mine. I hereby acknowledge the receipt of $1 for my efforts.

All payments or guarantees that even questionably violate the Jewish Laws of usury shall be included under this agreement. Any payments made that are not justified by this Iska agreement shall reduce the principal balance of this Iska. However, any future payments made to avoid providing the above-mentioned verifications, shall be increased to compensate for the reduction of principal. This agreement shall be considered binding upon all heirs and assigns.

This Iska shall be returned by **August 5, 2021**. If it is not returned by that date, all of the terms of this Iska shall apply, however, **Levon NJ CXX LLC** will have the right to collect their investment, or at **Levon NJ CXX LLC**'s discretion, **Levon NJ CXX LLC** will have the right to reinstate this Iska with an extension fee equal to the original origination fee. That fee will reduce the principal balance, however, any future payments made to avoid providing the above-mentioned verifications, shall be increased to compensate for the reduction of principal.

I am signing a note and other mortgage documents (herein referred to as 'mortgage documents'). These mortgage documents shall apply only to the extent that they contain provisions consistent with this agreement.

All stipulation, appraising, accounting, and methods of acquisition (including Kinyan Kesef independently, and/or any method of acquisition which can work in any way), settlement, testimony and reliance, of this investment and agency agreement, was done and shall be understood to be in the most effective manner so that this transaction shall not even questionably violate the Jewish laws of usury, all as set by an established Orthodox Jewish court of Law.

All this is prepared and performed without contest or false pretense, and effected with a Kinyan Sudar performed with a vessel that is consistent with the laws governing such a transaction, in a binding manner, in accordance with a condition that meets the requirements of a condition of 'bnei Gad and b'nei Reuven'.

SIGNED THIS 5th day of February 2020

At Brooklyn, NY

_____    _____
Recipient: 125 Broad Partners LLC    Recipient: Joel Freidman


_____
Provider: Levon NJ CXX LLC
agrees and accepts all the aforementioned terms and conditions